Hand-Delivered

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

FILED
CHARLOTTE, NC

MAY – 4 2026

US DISTRICT COURT
WESTERN DISTRICT OF NC

**CHUCK CALVELLO,**

Plaintiff,

v.

**JAMES EPPERSON, ESQ., individually and in his capacity as principal of Epperson Law Group, PLLC; PAULINA HAVELKA, ESQ., individually and in her capacity as former attorney at Epperson Law Group, PLLC and current attorney at Collins Family & Elder Law Group; EPPERSON LAW GROUP, PLLC; and COLLINS FAMILY & ELDER LAW GROUP,**

Defendants.

Civil Action No. _3:26-CV-353-MEO_

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

### JURY TRIAL DEMANDED

Hand-Delivered

Plaintiff Chuck Calvello, proceeding pro se, brings this action against Defendants James Epperson, Esq., Paulina Havelka, Esq., Epperson Law Group, PLLC, and Collins Family & Elder Law Group for violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and for defamation per se, breach of fiduciary duty, legal malpractice, conversion, and fraudulent misrepresentation arising from Defendants' conduct during and after their attorney-client relationship with Plaintiff. Defendants' conduct was not merely negligent — it was calculated, predatory, and in direct violation of the duties they owed Plaintiff as his attorneys and as officers of the court.

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) over Plaintiff's claim under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

2. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiff's state law claims, which arise from the same nucleus of operative facts as the federal CFAA claim.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in Charlotte, Mecklenburg County, North Carolina, within the Western District of North Carolina.

## II. PARTIES

4. Plaintiff Chuck Calvello is a resident of Mecklenburg County, North Carolina, residing at 3900 Tipperary Place, Charlotte, NC 28215.

5. Defendant James Epperson, Esq. is an attorney licensed to practice law in the State of North Carolina and is the principal of Epperson Law Group, PLLC, located at 10851 Sikes Place, Charlotte, NC 28277. He is sued individually and in his capacity as principal of the firm.

Case 3:26-cv-00353-MEO-DCK    Document 1    Filed 05/04/26    Page 2 of 15

**6.** Defendant Paulina Havelka, Esq. is an attorney licensed to practice law in the State of North Carolina. She formerly served as a Mecklenburg County District Court Judge from January 2019 through December 2022. She thereafter practiced at Epperson Law Group, PLLC, 10851 Sikes Place, Charlotte, NC 28277, where she represented Plaintiff. She is currently employed as an attorney at Collins Family & Elder Law Group, 228 East Blvd., Charlotte, NC 28203. She is sued individually, in her capacity as former attorney at Epperson Law Group, and in her capacity as current attorney at Collins Family & Elder Law Group.

**7.** Defendant Epperson Law Group, PLLC is a North Carolina professional limited liability company engaged in the practice of law, with its principal place of business at 10851 Sikes Place, Charlotte, NC 28277. The firm is liable for the acts and omissions of its principals and attorneys acting within the scope of their representation of Plaintiff.

**8.** Defendant Collins Family & Elder Law Group is a law firm operating in the State of North Carolina with a Charlotte office located at 228 East Blvd., Charlotte, NC 28203. As Havelka's current employer, Collins Family & Elder Law Group may be subject to vicarious liability and is named as a defendant to the extent it has ratified, benefited from, or failed to remedy the ongoing consequences of Havelka's conduct.

### III. FACTUAL ALLEGATIONS

**A. The Attorney-Client Relationship and Initial Engagement**

**9.** In or around early 2024, Plaintiff retained Epperson Law Group, PLLC, through Defendant Paulina Havelka, Esq., to represent him in connection with an emergency No Contact Order matter. The engagement arose directly from the malicious procurement of Involuntary Commitment (IVC) orders against Plaintiff by Paul Boudreau, then the subject of active domestic proceedings in Mecklenburg County District Court.

**10.** Plaintiff paid in excess of $2,000.00 to Epperson Law Group for this representation. Plaintiff and Havelka entered an attorney-client relationship governed by the North Carolina Rules of Professional Conduct, including the duties of loyalty, confidentiality, competence, and candor.

**11.** At the time of Plaintiff's engagement, Defendant Havelka had recently concluded a term as a Mecklenburg County District Court Judge, serving from January 2019 through December 2022. Havelka's familiarity with the Mecklenburg County court system, its judges, and its processes was known to Plaintiff and represented to him as an asset of the representation. Plaintiff reasonably relied on that representation.

## B. Failure to Perform the Core Task of the Engagement

**12.** The central purpose of Plaintiff's engagement of Epperson Law Group was the preparation and presentation of a motion for a No Contact Order before the Honorable Alyssa M. Levine, District Court Judge, 26th Judicial District, Mecklenburg County.

**13.** Despite receiving payment in excess of $2,000.00, Defendants never presented the motion to Judge Levine. The motion was prepared but never filed or argued. No satisfactory explanation for this failure was ever provided to Plaintiff.

**14.** This omission was not the result of strategic judgment — it was a complete failure to perform the fundamental task for which Plaintiff had retained and paid the firm. The failure directly harmed Plaintiff's safety, his legal position, and the evidentiary record in ongoing proceedings involving Paul Boudreau, which continued to develop in both state and federal court.

## C. Misrepresentation of Legal Position and Aggressive Fee Collection

**15.** During the course of the representation, Defendant Havelka materially misrepresented to Plaintiff the scope and strength of his legal position, including the value and viability of

Case 3:26-cv-00353-MEO-DCK    Document 1    Filed 05/04/26    Page 4 of 15

his claims. These misrepresentations were made to induce Plaintiff's continued engagement with the firm and to justify the escalating fee demands that followed.

**16.** Following Plaintiff's initial payment of over $2,000.00, Epperson Law Group demanded an additional $10,000.00 in fees. When Plaintiff declined to pay fees he had not agreed to and had not been adequately counseled on, the firm pursued aggressive collection efforts seeking approximately $7,500.00.

**17.** The fees pursued were predicated substantially on correspondence that was never meaningfully reviewed, addressed, or acted upon by Defendants. Fees charged for services not rendered — and specifically for communications sent by Plaintiff that went unread and unanswered — are not legitimately earned fees. They are a basis for fee disgorgement and for claims sounding in fraud and professional responsibility violations.

**18.** Defendant Katie [last name unknown], a staff member or paralegal at Epperson Law Group, was the primary collection contact and engaged in relentless pursuit of these fees despite the firm's documented failure to perform the agreed-upon services. Her conduct was undertaken on behalf of, and at the direction of, the firm and its principal.

### D. Unauthorized Access to Plaintiff's Computer — CFAA Violation

**19.** In or around February 2024, during a meeting at Epperson Law Group's office located at 10851 Sikes Place, Charlotte, NC 28277 (SouthPark area), Plaintiff briefly left the meeting room to use the restroom, leaving his personal laptop computer on the table.

**20.** Upon returning to the meeting room, Plaintiff observed that his laptop had been physically repositioned — moved from facing Plaintiff, where he had placed it, to facing Defendant Havelka, who was seated with her back to the door. Plaintiff observed Havelka's hands actively on his laptop, thumbing through its contents.

**21.** Plaintiff had not authorized Havelka or any member of Epperson Law Group to access, review, or search his laptop computer or its contents. No consent, express or implied, was given for such access.

**22.** When Plaintiff returned and observed Havelka on his computer, she stated plainly and directly: that she had only the hospital summary and not Plaintiff's full medical records. This spontaneous statement constitutes a direct admission that Havelka had accessed and reviewed the contents of Plaintiff's laptop, had identified and examined Plaintiff's hospital summary document, and had distinguished that document from Plaintiff's complete medical records — which Plaintiff had not yet obtained as of that date.

**23.** Plaintiff did not obtain his complete medical records until September 5, 2025. As of February 2024, the hospital summary on Plaintiff's laptop was among the most sensitive medical documents in his possession. Havelka's unauthorized access to and review of that document was intentional, knowing, and without authorization.

**24.** Havelka's admission demonstrates that she reviewed the hospital summary with sufficient attention to distinguish it from a complete medical record — evidence of deliberate, purposeful review, not incidental or accidental contact with the device.

**E. Defamation Per Se — Publication of False and Injurious Statements**

**25.** Following the termination of the attorney-client relationship, Defendant James Epperson published a statement on Google — a public platform accessible to any member of the public with internet access — characterizing the nature of Plaintiff's domestic legal matter.

**26.** The Google post authored and published by Epperson contained false statements of fact, including, without limitation: (a) a false characterization implying that Plaintiff had engaged in or been subjected to sexual prostitution in exchange for controlled substances; and (b) a false statement that Plaintiff had sought reconciliation with his former spouse.

**27.** Both statements are false. Neither occurred. Neither was disclosed by Plaintiff to Epperson or Havelka in any context that would justify publication, and neither would justify publication under any circumstances given the duties of confidentiality owed by an attorney to a former client.

Case 3:26-cv-00353-MEO-DCK     Document 1     Filed 05/04/26     Page 6 of 15

**28.** The statements were made by Defendant Epperson in his capacity as an attorney who had represented Plaintiff and who possessed confidential information about Plaintiff's domestic proceedings. The publication of a former client's most private and sensitive circumstances in a public forum accessible to the general public constitutes defamation per se — statements that are injurious on their face and for which damages are presumed — as well as a profound breach of the duty of confidentiality under the North Carolina Rules of Professional Conduct.

**29.** The Google post has been preserved in the possession of Plaintiff's witness Mark Jetton, Esq., and constitutes documentary evidence of Defendants' defamatory publication. A litigation hold and subpoena for production of this document will be issued to Mr. Jetton in the course of this action.

**30.** The harm to Plaintiff from this publication is ongoing. The post was publicly accessible and may have been viewed by an unknown number of persons, including potential employers, business associates, judicial officers, and parties to Plaintiff's pending litigation.

### F. NC State Bar Proceedings and Fee Dispute Impasse

**31.** Plaintiff filed formal grievance proceedings against both James Epperson and Paulina Havelka with the North Carolina State Bar in 2024. Plaintiff also initiated formal fee dispute resolution proceedings. Both the grievance proceedings and the fee dispute resolution processes concluded at an impasse as to both Defendants Epperson and Havelka.

**32.** The impasse findings do not extinguish Plaintiff's civil claims, nor do they constitute a determination on the merits in favor of Defendants. They are part of the evidentiary record and reflect that Defendants declined to resolve their misconduct through available professional accountability mechanisms. Todd Bascum and Stephanie Hampton (last names subject to verification) served as relevant participants in those proceedings and are expected to be witnesses in this action.

## G. Havelka's Current Employment at Collins Family & Elder Law Group

**33.** Defendant Paulina Havelka is currently employed as an attorney at Collins Family & Elder Law Group, 228 East Blvd., Charlotte, NC 28203. Her current employment does not insulate her from liability for conduct occurring during her time at Epperson Law Group. Collins Family & Elder Law Group is named as a defendant to the extent it has ratified or benefited from Havelka's conduct, employed her with knowledge of the pending grievance and fee dispute proceedings, or failed to take appropriate remedial action upon learning of the conduct described herein.

## IV. CAUSES OF ACTION

### COUNT I — Violation of the Computer Fraud and Abuse Act

18 U.S.C. § 1030 — Against Defendant Havelka and Epperson Law Group

**34.** Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

**35.** The Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2), prohibits intentionally accessing a computer without authorization or exceeding authorized access, and thereby obtaining information from any protected computer. A "protected computer" includes any computer used in or affecting interstate or foreign commerce or communication. 18 U.S.C. § 1030(e)(2)(B).

**36.** Plaintiff's personal laptop computer is a protected computer within the meaning of 18 U.S.C. § 1030(e)(2)(B), as it is used in and affecting interstate commerce and communication.

**37.** In February 2024, Defendant Havelka intentionally accessed Plaintiff's laptop computer without authorization. Plaintiff had not authorized Havelka to access, review, or examine his laptop or its contents. Havelka's access exceeded any conceivable scope of authorized

use arising from the attorney-client relationship, which did not encompass unsupervised access to Plaintiff's personal device.

**38.** Havelka obtained information from Plaintiff's laptop, including at minimum Plaintiff's hospital summary, as confirmed by her own spontaneous admission to Plaintiff immediately following the unauthorized access.

**39.** Plaintiff suffered damage and loss as a result of Havelka's unauthorized access, including but not limited to: the compromise of privileged and sensitive medical information; the subsequent publication of false statements by Epperson that could only have been informed by knowledge of Plaintiff's confidential circumstances; and harm to Plaintiff's litigation interests and personal reputation.

**40.** Epperson Law Group, PLLC is vicariously liable for Havelka's CFAA violation, which occurred on firm premises during the attorney-client representation and in furtherance of the firm's handling — or mishandling — of Plaintiff's matter.

**41.** Plaintiff is entitled to compensatory damages, including costs of responding to and investigating the unauthorized access, and such other relief as the Court deems appropriate, pursuant to 18 U.S.C. § 1030(g).

## COUNT II — Defamation Per Se

Against Defendant James Epperson and Epperson Law Group, PLLC

**42.** Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

**43.** Defendant Epperson published false statements of fact about Plaintiff on Google, a public platform accessible to any member of the public. The statements falsely implied that Plaintiff had engaged in or been subjected to sexual prostitution in exchange for controlled substances, and falsely stated that Plaintiff sought reconciliation with his former spouse.

**44.** Both statements are false. They were published without privilege, without justification, and in direct violation of Epperson's duty of confidentiality to Plaintiff as a former client.

**45.** The statements constitute defamation per se under North Carolina law because they charge Plaintiff with conduct constituting a crime, impute conduct incompatible with his profession, and are injurious to Plaintiff's reputation on their face. General damages are presumed.

**46.** Epperson's publication was made with actual malice — he knew the statements were false or acted with reckless disregard for their truth or falsity. As Plaintiff's former attorney, Epperson possessed the actual facts of Plaintiff's domestic matter and knowingly published a false and injurious characterization of those facts to the general public.

**47.** Epperson Law Group, PLLC is vicariously liable for the defamatory publication by its principal.

**48.** Plaintiff is entitled to general damages, special damages, and punitive damages in an amount to be determined at trial, as well as injunctive relief requiring the immediate removal of the defamatory publication.

**COUNT III — Breach of Fiduciary Duty**

Against All Defendants

**49.** Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

**50.** As Plaintiff's attorneys, Epperson and Havelka owed Plaintiff fiduciary duties of loyalty, confidentiality, competence, and candor. These duties are among the most stringent recognized under North Carolina law and are codified in the North Carolina Rules of Professional Conduct.

**51.** Defendants breached those duties by: (a) failing to present the No Contact Order motion to Judge Levine despite receiving payment to do so; (b) misrepresenting the strength and value of Plaintiff's legal position; (c) accessing Plaintiff's personal computer without authorization and reviewing his confidential medical information; (d) publishing false and confidential information about Plaintiff on a public platform; and (e) pursuing aggressive and unjustified fee collection for services not rendered.

**52.** These breaches were willful, knowing, and undertaken in disregard of Plaintiff's interests and in service of Defendants' own financial and personal interests.

**53.** Plaintiff suffered direct and proximate harm from these breaches, including harm to his legal proceedings, his personal safety, his medical privacy, and his reputation. Epperson Law Group is liable for the breaches of its principals and attorneys. Collins Family & Elder Law Group is liable to the extent it employed Havelka with knowledge of her conduct and failed to remedy it.

## COUNT IV — Legal Malpractice
Against Epperson, Havelka, and Epperson Law Group, PLLC

**54.** Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

**55.** An attorney-client relationship existed between Plaintiff and Defendants Epperson, Havelka, and Epperson Law Group, PLLC. Defendants owed Plaintiff a duty of care to provide competent legal representation consistent with the standard of care applicable to attorneys practicing in North Carolina.

**56.** Defendants breached that duty by failing to file or present the No Contact Order motion to Judge Levine, for which Plaintiff had retained and paid the firm; by misrepresenting Plaintiff's legal position; and by failing to take any meaningful action on Plaintiff's correspondence and communications, for which the firm nevertheless sought payment.

**57.** But for Defendants' negligence and breach of the applicable standard of care, Plaintiff would have had the No Contact Order motion heard by Judge Levine, providing relief that would have directly affected the trajectory of Plaintiff's domestic and related proceedings. The failure to obtain this relief caused Plaintiff direct, foreseeable, and compensable harm.

**58.** Plaintiff is entitled to compensatory damages in an amount to be determined at trial, including the return of all fees paid to Defendants, consequential damages flowing from the failure to present the motion, and such other relief as the Court deems just.

## COUNT V — Conversion

Against Defendant Havelka and Epperson Law Group, PLLC

**59.** Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

**60.** Plaintiff's personal laptop computer and the digital data and documents contained therein, including his hospital summary and related medical information, are personal property belonging to Plaintiff.

**61.** In February 2024, Defendant Havelka intentionally and without authorization exercised dominion and control over Plaintiff's laptop and the data contained therein, accessing and reviewing documents without Plaintiff's consent. This exercise of unauthorized dominion over Plaintiff's personal property and data constitutes conversion under North Carolina law.

**62.** Plaintiff is entitled to compensatory damages for the conversion of his personal data and property, including damages for the loss of privacy, the compromise of confidential medical information, and the consequential harms flowing from Havelka's unauthorized access.

## COUNT VI — Fraudulent Misrepresentation

Against Havelka, Epperson, and Epperson Law Group, PLLC

**63.** Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

**64.** Defendants Havelka and Epperson made material misrepresentations to Plaintiff, including: (a) misrepresentations regarding the scope and strength of Plaintiff's legal position, made to induce continued engagement and payment; (b) representations regarding the firm's capacity and intent to present the No Contact Order motion, for which Plaintiff paid and which was never performed; and (c) representations regarding the value of services for which aggressive fee collection was pursued.

**65.** These misrepresentations were made knowingly or with reckless disregard for their truth, with the intent to induce Plaintiff's reliance, and Plaintiff reasonably relied on them to his detriment — paying fees for services not rendered and foregoing other legal options that may have been available to him.

**66.** Plaintiff suffered direct financial harm, harm to his legal proceedings, and harm to his personal safety as a proximate result of Defendants' fraudulent misrepresentations. Plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## V. RELIEF REQUESTED

WHEREFORE, Plaintiff Chuck Calvello respectfully requests that this Court enter judgment in his favor and against Defendants, jointly and severally where applicable, and award the following relief:

1. Compensatory damages in an amount to be determined at trial for all claims, including but not limited to: return of all fees paid to Defendants; damages for the failure to present the No Contact Order motion; damages for the unauthorized access to Plaintiff's computer and medical information; damages for defamation per se; and damages for all consequential harms flowing from Defendants' conduct;

2. Punitive damages against Defendants Epperson and Havelka, individually and jointly, for willful, knowing, and malicious conduct including defamation per se and fraudulent misrepresentation;

3. Injunctive relief requiring the immediate and permanent removal of the defamatory Google post authored and published by Defendant Epperson, with written confirmation of removal filed with this Court;

4. Disgorgement of all fees paid by Plaintiff to Epperson Law Group, PLLC, for services not rendered or inadequately rendered;

5. An order requiring Defendants to produce Plaintiff's complete client file, including all billing records, time entries, correspondence, and communications, within ten (10) days of entry of the Court's order;

6. A declaratory judgment that Defendants violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and breached their fiduciary duties to Plaintiff;

7. Pre-judgment and post-judgment interest at the applicable legal rate;

8. Such other and further relief as the Court deems just and proper.


## VI. DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable.


Respectfully submitted this 4ᵗʰ day of May, 2026.

Chuck Calvello

Pro Se Plaintiff

3900 Tipperary Place

Charlotte, NC 28215

(980) 216-1299

c3168504@gmail.com


## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of May, 2026, I caused a true and correct copy of the foregoing Complaint to be served upon Defendants by the following methods:

James Epperson, Esq. / Epperson Law Group, PLLC

10851 Sikes Place, Charlotte, NC 28277

[X] Hand delivery [ ] U.S. Certified Mail [X] Process Server / US MARSHAL

Paulina Havelka, Esq. — Epperson Law Group, PLLC

10851 Sikes Place, Charlotte, NC 28277

[X] Hand delivery [ ] U.S. Certified Mail [X] Process Server / US MARSHAL

Paulina Havelka, Esq. — Collins Family & Elder Law Group

228 East Blvd., Charlotte, NC 28203

[X] Hand delivery [ ] U.S. Certified Mail [X] Process Server / US MARSHAL

Collins Family & Elder Law Group

228 East Blvd., Charlotte, NC 28203

[X] Hand delivery [ ] U.S. Certified Mail [X] Process Server / US MARSHALL

_____

**Chuck Calvello, Pro Se Plaintiff**